IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  WESLEY RYAN WILSON, JAMES PAUL WRIGHT,  Defendants. | Case Nos.  12-CR-197-GKF  20-CV-165-GKF-JFJ  20-CV-237-GKF-FHM |

**ORDER**

Before the court are the Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 of defendants Wesley Ryan Wilson [Doc. 243] and James Paul Wright [Doc. 248]. For the reasons set forth below, the § 2255 motions are granted.

**I. Background**

On August 22, 2012, Mr. Wilson and Mr. Wright jointly executed an armed robbery of a Radio Shack in Broken Arrow, Oklahoma with two others. The defendants and one of the other robbers entered the Radio Shack in tactical gear and face masks and robbed two employees inside, using firearms pointed at the employees' heads and binding their hands and legs with duct tape. [Doc. 113, p. 9; Doc. 118, p. 10; PSR, p. 6, ¶¶ 7, 9].

After a mistrial due to juror misconduct, both defendants pleaded guilty to Count One: Conspiracy to Commit Robbery, in violation of 18 U.S.C. § 1951; Count Two: Attempted Hobbs Act Robbery, also in violation of 18 U.S.C. § 1951; Count Three: Possession of a Firearm in Furtherance of a Crime of Violence,[1] in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count Four: Carjacking, in violation of 18 U.S.C. § 2119. [*See* Docs. 107, 113, 118, 147, and 157]. Count Five

---

[1] The predicate crime of violence for Count Three was the Attempted Hobbs Act Robbery described in Count Two. [Doc. 48].

of the Indictment, which charged Possession of a Firearm in Furtherance of a Crime of Violence,[2] in violation of 18 U.S.C. § 924(c)(1)(A)(ii), was dismissed with respect to both defendants on motion of plaintiff. [*See* Docs. 147 and 157].

On June 12, 2013, the court imposed a 180-month sentence for Mr. Wilson. The sentence consists of 96 months as to each of Counts One, Two, and Four—each count running concurrently with the other—and 84 months as to Count Three, Possession of a Firearm in Furtherance of a Crime of Violence, running consecutively to the terms in Counts One, Two, and Four. [Doc. 157, p. 2]. Mr. Wilson did not appeal.

On May 14, 2013, the court imposed a 219-month sentence for Mr. Wright. The sentence consists of 135 months as to each of Counts One, Two, and Four—each count running concurrently with the other—and 84 months as to Count Three, Possession of a Firearm in Furtherance of a Crime of Violence, running consecutively to the terms in Counts One, Two, and Four. [Doc. 147, p. 2]. Mr. Wright did not appeal.

Mr. Wilson filed his first § 2255 motion in November 2013, arguing that his counsel was ineffective when he failed to object to a six-level sentencing enhancement, failed to alert Mr. Wilson that he would be waiving his rights to appeal, and failed to object to other alleged procedural errors at sentencing. [Doc. 164, pp. 20-21]. The court denied Mr. Wilson's motion because he had waived his right to bring such claims. [Doc. 186, p. 3]. The Tenth Circuit dismissed Mr. Wilson's appeal for lack of prosecution. [Doc. 193]. Mr. Wilson then requested relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). [Doc. 195]. The court denied Mr. Wilson's motion. [Doc. 197]. Mr. Wilson subsequently moved for reconsideration of that decision, which the court denied on November 9, 2015. [Docs. 198, 199]. In June 2016 Mr.

---

[2] The predicate crime of violence for Count Five was the Carjacking described in Count Four. [Doc. 48].

Wilson sought permission to file a successive § 2255 motion from the Tenth Circuit. [*See* Remark dated July 6, 2016]. The Tenth Circuit abated the matter until December 5, 2019, when it authorized Mr. Wilson to file a successive § 2255 motion challenging his § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). [Doc. 240, p. 2].

Mr. Wright filed his first § 2255 motion in April 2018, arguing that his attorney was constitutionally ineffective for not arguing for a minimum sentence on his robbery and carjacking convictions pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017), and that his § 924(c) conviction could not be sustained because the predicate crimes did not qualify as crimes of violence. [Doc. 222]. The court denied Mr. Wright's motion as untimely. [Doc. 236]. In May 2020, Mr. Wright sought permission to file a successive § 2255 motion from the Tenth Circuit. On May 28, 2020, the Tenth Circuit authorized Mr. Wright to file a successive § 2255 motion challenging his § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). [Doc. 247, p. 2].

This court dismissed the successive § 2255 motions of both Mr. Wilson and Mr. Wright and both appealed to the Tenth Circuit on the issue of whether Attempted Hobbs Act robbery is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), such that it could serve as a predicate offense for a § 924(c) conviction. [*See* Docs. 255 and 260]. While their cases were pending before the Tenth Circuit, the United States Supreme Court granted a writ of certiorari in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), which posed the same question. On June 21, 2022, the Supreme Court held that Attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause because it can be committed without the use, attempted use, or threatened use of force. *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). Rather than address in the first instance what *Taylor* means for Mr. Wilson and Mr. Wright's § 2255 motions,

3

the Tenth Circuit remanded the cases to this court for further consideration in light of *Taylor*. [Docs. 265 and 269]. The court granted the parties' joint motion to consolidate the cases for the limited purpose of briefing the impact of *Taylor* on the defendants' motions, and the parties have now submitted those briefs.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## III. Analysis

The government concedes that, as a result of the Supreme Court's decision in *Taylor*, "if Wilson and Wright were charged today, their attempted Hobbs Act robbery could not support a charge under § 924(c)." [Doc. 276, p. 4]. The government argues that defendants are procedurally barred from questioning the validity of their § 924(c) convictions because they did not challenge their convictions on direct appeal. The government also contends that both defendants signed collateral attack waivers as part of their plea agreements and those waivers should be enforced and can be enforced without risking a miscarriage of justice. Finally, the government argues, it would not be a miscarriage of justice to deny defendants' motions because defendants admitted in their plea agreements to facts that would have been sufficient to sustain the § 924(c) charge in Count Five, had it not been dismissed.

Defendants argue that because the rule in *Taylor* was not available on direct appeal, they are not procedurally barred from challenging their convictions now. Further, they argue,

preventing their challenge now would be a miscarriage of justice because they were "convicted of an offense the Supreme Court has now held to be unconstitutional." [*See* Doc. 197, p. 2].

### 1. Procedural Default

"A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993).

Mr. Wilson and Mr. Wright have established cause for failing to challenge their § 924(c) convictions on direct review, "because the state of the law at the time of [their] appeal[s] did not offer a reasonable basis upon which to challenge the guilty plea." *Jones v. United States*, 39 F.4th 523, 525 (8th Cir. 2022) (citing *Reed v. Ross*, 468 U.S. 1, 17 (1984)). As this court previously noted, at the time of their direct appeals, "every circuit court to have considered the issue ha[d] concluded an attempted Hobbs Act robbery is a crime of violence under the elements clause" and could therefore act as a predicate offense for a conviction under § 924(c). [*See* Doc. 253, p. 7]. As a result, the state of the law at the time did not offer a reasonable basis for challenging their guilty pleas and defendants have therefore established cause for failing to do so.

In addition, Mr. Wilson and Mr. Wright have also shown actual prejudice because they were convicted of violating § 924(c) based on a predicate offense—attempted Hobbs Act Robbery—that does not qualify as a "crime of violence" under § 924(c)'s elements clause. Both pled guilty to Count Three, Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which explicitly relied on the Attempted Hobbs Act Robbery described in Count Two as a predicate offense. Because the charge in Count Two can no longer serve as a predicate to the charge in Count Three, Mr. Wilson and Mr. Wright have

5

adequately shown actual prejudice resulting from the 84 month sentences they incurred for their conviction on Count Three.

**2. Collateral Attack Waiver**

When reviewing a collateral attack waiver, courts look to "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Mr. Wilson and Mr. Wright both contend that enforcing the waiver would result in a miscarriage of justice.

The Tenth Circuit has held that there are only four instances in which enforcing a collateral attack waiver would result in a miscarriage of justice "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. Enforcing a waiver would be "otherwise unlawful" if doing so "would seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* Neither Mr. Wilson nor Mr. Wright argues that the first, second, or fourth instances apply. Mr. Wilson contends that the third instance applies because any sentence he received for Count Three is "rendered a nullity" by *Taylor*. [Doc. 285, p. 4]. Mr. Wright similarly argues that it would be a "fundamental miscarriage of justice if the erroneous 84-month sentence is left in place." [Doc. 286, p. 4]. Both are correct.

The government argues there can be no miscarriage of justice by enforcing defendants' punishments under Count Three because both defendants also "admitted facts that *would have* supported a conviction on the § 924(c) charge in Count Five, based on the carjacking conviction in Count Four." [Doc. 276, p. 7 (emphasis added)]. Because the sentence for violating the § 924(c)

charge in Count Five would have been the same as the one imposed under Count Three, the government adds, there can be no miscarriage of justice by dismissing defendants' § 2255 motions.

Any number of circumstances could have, and likely would have, changed had the law with respect to Attempted Hobbs Act Robbery and § 924(c) been different at the time these crimes were originally charged. It is not possible, however, to reconstruct what *might have* happened then had the law been different. The fact remains that the only predicate offense for Count Three of the Indictment was the attempted Hobbs Act Robbery in Count Two, which the Supreme Court held in *Taylor* is not a crime of violence. As a result, any sentence imposed for their convictions for that crime exceeds that which is authorized by law because, per *Taylor*, Congress has not authorized any sentence. It would therefore be a miscarriage of justice to enforce the collateral attack waivers to prevent Mr. Wilson and Mr. Wright from challenging their convictions under Count Three of the Indictment.

Because *Taylor* explicitly held Attempted Hobbs Act Robbery is not a crime of violence and cannot support a charge under § 924(c), the sentences imposed against Mr. Wilson and Mr. Wright on Count Three were in violation of the law and must be vacated. As of this date, both defendants have served 125 months, 10 days.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that, the Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Wesley Ryan Wilson [Doc. 243] and James Paul Wright [Doc. 248] are **granted**. Count Three of the Indictment is **dismissed** as to both defendants and the sentences imposed on Mr. Wilson and Mr. Wright on Count Three are **vacated**.

**IT IS FURTHER ORDERED** that Mr. Wilson's imprisonment sentence is reduced to time served as to each of Counts One, Two, and Four of the Indictment.

**IT IS FURTHER ORDERED** that Mr. Wright's imprisonment sentence is reduced to time served as to each of Counts One, Two, and Four of the Indictment.

**IT IS FURTHER ORDERED** that the Special Monetary Assessment is reduced to a total of $300, $100 per count as to each of Counts One, Two and Four of the Indictment. All other terms and provisions of the defendants' judgments shall remain unchanged. [*See* Docs. 147 and 157]. Amended judgments are entered herewith.

**IT IS SO ORDERED** this 31st day of January, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE